[Doc. No. 42]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., <br><br> Plaintiff, <br><br> v. <br><br> VACATION SELECT SERVICES & CONSULTING, LLC, et al., <br><br> Defendants. | Civil No. 18-11636 (RMB/JS) |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS**

This matter is before the Court on the "Motion for Final Judgment by Default against Defendants" ("motion") [Doc. No. 42] filed by plaintiff Wyndham Vacation Ownership, Inc. ("plaintiff" or "WVO"). The defendants are Vacation Select Services & Consulting, LLC and Paulino T. Bonds, Sr. (collectively, "defendants"). No opposition to this motion was filed. The Court exercises its discretion to decide the motion without oral argument. See FED. R. CIV. P. 78; L. CIV. R. 78.1. This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1). For the reasons to be discussed, it is respectfully recommended that plaintiff's motion be GRANTED. The Court makes the following findings in support of its Recommendation.

Background

Since the parties are familiar with the facts and procedural background of the case, the Court simply incorporates by reference the discussion in its Report and Recommendation Regarding Plaintiff's Motion for Entry of Default Against Defendants [Doc. No. 38]. On October 31, 2019, this Court's Report and Recommendation recommending default be entered against defendants pursuant to FED. R. CIV. P. 16(f) and 37(b) was adopted by the Honorable Renée Marie Bumb. See Doc. No. 40. The Clerk entered a default against defendants the same day.

Plaintiff now files this motion for final judgment by default against defendants. Plaintiff alleges an entry of a final judgment by default against defendants is warranted due to their continuing refusal to comply with the Court's Orders. See Mot. at 3. Plaintiff argues defendants' conduct warrants entry of a default judgment and that the Court has already made this determination in its previous Report and Recommendation [Doc. No. 38]. Id. at 4. Plaintiff further alleges defendants should be permanently enjoined from contacting WVO's customers for the purpose of encouraging these owners to cancel their contracts. Id. at 6. Plaintiff alleges a permanent injunction is warranted because: (1) WVO has been irreparably harmed by defendants' practice of soliciting Wyndham owners to cancel their timeshare

2

contracts which has resulted in the loss of customers and payments as well as injury to its reputation in the industry and with its customer base; (2) the ongoing and reputational business harms cannot be measured or fully compensated by monetary damages alone; (3) the balance of hardships between the parties supports a remedy in equity because defendants' conduct improperly interferes with and causes damage to WVO's business without any reasonable purpose or justification; and (4) issuance of a permanent injunction would affirmatively serve the public interest by barring defendants from misleading WVO's customers to believe that defendants are affiliated with WVO in order to induce customers to cancel their timeshare contracts. Id. at 7-8. As a result, plaintiff argues the Court should enter a permanent injunction preventing defendants, directly or indirectly, from:

> (1) contacting owners and customers of WVO or any of WVO's affiliates or communicating with such customers or owners in any way about timeshare ownership, including offering services which would result in the sale, exit, cancellation, or termination of timeshare ownership; (2) disparaging WVO or any of its affiliates, any of their respective directors, officers, agents, and employees, or any property, commodity, product or service offered by WVO or its affiliates; (3) making or engaging in any statement or communication about or relating to WVO unless required by applicable law; (4) marketing to, soliciting, or offering any product or services to any owners or customers of WVO and any of WVO's affiliates; (5) referring to WVO or any of WVO's affiliates on any website maintained by Defendants or anyone acting on Defendants' behalf (including any website maintained by any current or future employees, agents, or servants of

3

>    Defendants); (6) using any intellectual property, copyrights, trademarks, or any written, published, online materials relating to WVO or any of WVO's affiliates; and (7) referring, recommending, or directing any owner or customer of WVO or any of WVO's affiliates to any other persons or entity who offer or provide services relating to timeshare, including those who offer services which would result in the sale, exit, cancellation, or termination of timeshare ownership.

Mot. at 7-8. Last, plaintiff contends an award of costs and attorney's fees is warranted because defendants have continuously failed to comply with the Court's Orders. Id. at 9. Plaintiff alleges Fed. R. Civ P. 16(f)(2) and 37(b)(2)(C) direct this Court to order defendants to pay plaintiff's costs and attorneys' fees for failure to comply with the Court's Orders. Id. at 9.

**Discussion**

  A. Final Default Judgment

   The Federal Rules of Civil Procedure authorize the Court to impose sanctions, including dismissal, if a party "fails to appear at a scheduling or pretrial conference," "fails to obey a scheduling or other pretrial order," or fails to prosecute a case. Fed. R. Civ. P. 16(f)(1)(A) and 16(f)(1)(C); see also Fed. R. Civ. P. 37(b)(2) and 41(b). In Poulis v. State Farm Fire and Casualty Company, the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a

4

claim. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). The Poulis factors are as follows:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted). No single Poulis factor is determinative, and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). "If a Court finds dismissal appropriate under Poulis, it may dismiss an action sua sponte, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b)." C-pod Inmates of Middlesex Cty. Adult Corr. Ctr. v. Middlesex Cty., Civ. A. No. 15-7920, 2018 WL 4006809, at *4 (D.N.J. July 31, 2018) (citation omitted).

For the same reasons expressed in the Court's previous Report and Recommendation, the Court finds the Poulis factors warrant a default judgment against defendants. See Report and Recommendation [Doc. No. 38]. As the Court previously stated, "[d]efendants willfully refuse to comply with and repeatedly ignore the Court's Orders" and "[i]t is evident defendants' actions manifest their intention not to participate in their

5

defense." Id. at 9. Defendants' decision to not oppose this motion further indicates their intention to not participate in their defense. Therefore, the Court recommends default judgment be entered against defendants.

B. Permanent Injunction

Plaintiff alleges defendants should be permanently enjoined from contacting WVO customers for the purpose of encouraging these owners to cancel their contracts. Mot. at 6. A court may issue a permanent injunction in the context of a default judgment. See Great Caesars Ghost LLC v. Unachukwu, Civ. A. No. 19-5408, 2020 U.S. Dist. LEXIS 83115, at *8 (D.N.J. May 12, 2020). In seeking a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages, prove inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and defendant favor equitable relief; and (4) that the public interest would not be disserved by a permanent injunction." See eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

In proving the first two elements, plaintiff must demonstrate proof of "actual or imminent harm which otherwise cannot be compensated by money damages." Frank's GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). An injury adequately compensable by money damages is not an irreparable

6

injury. Id. Moreover, a risk of injury is not enough—there needs to be a showing of "immediate irreparable injury," or a "presently existing actual threat." Acierno v. New Castle County, 40 F.3d 645 (3d Cir. 1994). Irreparable injury includes loss of control of reputation, loss of trade, and loss of good will. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 195 (3d Cir. 1990). Plaintiff alleges WVO has been irreparably harmed by defendants' practice of soliciting Wyndham owners to cancel their timeshare contracts which has resulted in the loss of customers and payments as well as injury to its reputation in the industry and with its customer base. Mot. at 7. Plaintiff further alleges the ongoing and reputational business harms cannot be measured or fully compensated by monetary damages alone. Id. at 8. The Court finds plaintiff has successfully demonstrated that defendants' actions have and continue to cause irreparable injury to plaintiff. The record reflects plaintiff has sustained non-monetary damages such as loss of reputation within the industry and by its customers. As a result, the Court finds the first and second factors weigh in favor of granting a permanent injunction.

Next, plaintiff must show that considering the balance of interests and hardships, a permanent injunction is warranted. The Court must balance the harm that will occur to the moving party from the denial of the permanent injunction with the harm

7

that the non-moving party will incur if the injunction is granted. See TD Bank N.A. v. Hill, 928 F.3d 259, 283-84 (3d Cir. 2019). Plaintiff alleges the balance of hardships between the parties supports a remedy in equity because defendants' conduct improperly interferes with and causes damage to WVO's business without any apparent reasonable purpose or justification. Mot. at 8. The Court finds plaintiff will continue to suffer non-monetary damages if defendant continues to interfere with its business. On the other hand, the Court finds the only hardship defendants will suffer if the injunction is granted is that they must follow the law and stop interfering with plaintiff's business. As a result, the Court finds defendants' potential harm does not outweigh plaintiff's legitimate harm and the third factor weighs in favor of plaintiff.

Last, the Court must determine whether issuance of the permanent injunction will serve the public interest. Plaintiff alleges issuance of a permanent injunction would affirmatively serve the public interest by preventing defendants from misleading WVO's customers to believe that defendants are affiliated with WVO in order to induce those customers to cancel their timeshare contracts. Mot. at 8. The Court agrees and finds that the public will benefit from a permanent injunction being issued against defendants because it will prevent defendants from deceiving or confusing plaintiff's customers into

cancelling their contractual relationships with plaintiff. Based upon the present record, the Court finds plaintiff has met the four-factor test for injunctive relief, and the Court grants plaintiff's requested permanent injunctive relief. However, the Court also finds that plaintiff's proposed injunction is overbroad, may infringe on defendants' First Amendment rights, and is not narrowly tailored to address plaintiff's harms. The Court finds that numbers 1, 2, and 6 in plaintiff's proposed injunction are proper. Numbers 3, 4, 5, and 7 will not be granted for the reasons discussed.

C. Cost and Attorney Fees

Federal Rule 16(f)(2) provides: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." The Third Circuit has explained that "[s]ubstantial justification exists where there is a 'genuine dispute concerning compliance.'" Rorrer v. Cleveland Steel Container, 564 Fed. Appx. 642, 644-45 (3d Cir. 2014) (quoting Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 241 (3d Cir. 2007)). Additionally, in determining whether the imposition of sanctions is unjust, courts should "consider[] the degree of the

9

sanction in light of the severity of the transgression which brought about the failure to [comply]." Rorrer, 564 Fed. Appx. At 644-45 (internal citations omitted); accord Tracinda, 502 F.3d at 242 ("the standard we find relevant in defining 'unjust' is the contrast between the nature of the violation of Rule 16 and the impact on the parties caused by the delay."). "Although a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority, no express requirement of intent or negligence exists in the language of Rule 16(f)." Tracinda, 502 F.3d at 242 (noting that "'[u]njust can be variously defined as 'unfair,' 'unreasonable,' 'inequitable,' or 'harsh.' These definitions do not, in and of themselves, contain a requirement of intent or negligence."); see also Campbell v. Detert, Civ. No. 11-642-ES-SCM, 2013 WL 1314429 (D.N.J. Mar. 28, 2013).

In Campbell, defendants filed a motion for sanctions alleging plaintiff brought "'voluminous, vexations and predominately irrelevant discovery requests' as part of a strategy of forcing Defendants to incur the maximum attorneys' fees possible, and that, consistent with those claims Plaintiff has failed to make court ordered appearances on two occasions." Campbell, 2013 WL 1314429, at *42. Defendants argued plaintiff had previously failed to appear for a Court ordered in-person hearing scheduled for 11:00 a.m. on June 15, 2012, a conference scheduled for

10

February 16, 2012, and has since appeared fifteen minutes late for a court ordered teleconference on July 2, 2012. Id. Plaintiff opposed the motion and asserted his failure to attend the June 15, 2012 hearing was a result of his own scheduling mistake given that he believed the hearing was at 1:30 p.m. Id. at *43. The court did not find the misconduct warranted an award of Rule 16 sanctions because plaintiff's failure to attend the June 15, 2012 conference was not motivated by any improper purpose and instead by a honest mistake that was explained on the record after counsel's late arrival. Id. at *46. Further, the court held that counsel's failure to timely appear at the June 15, 2012 conference did not significantly hinder the litigation, therefore, sanctions were not warranted. Id. at *48.

Similarly, Federal Rule 37(b)(2)(C) provides that where a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The "substantially justified" requirement of Rule 37 has been defined as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply. See Towery v. O'Shea, Civ. No. 12-6473, 2015 WL 9587608, *5 (D.N.J. Dec. 30, 2015)

(quoting Tolerico v. Home Depot, 205 F.R.D. 169, 175-76 (M.D.Pa. 2002)) (holding that the plaintiff lacked substantial justification for failing to produce documents sooner because it was an inadvertent mistake); see also Gambrell v. First Student, C.A. No. 14-6758 (FLW)(LHG), 2017 U.S. Dist. LEXIS 219308 (D.N.J. June 2, 2017).

In Gambrell, defendants sought dismissal of the action as well as costs and attorneys' fees due to Mr. Gambrell's failure to appear for his court-ordered deposition. Gambrell, 2017 U.S. Dist. LEXIS 219308, at *5. Mr. Gambrell's attorney, however, argued that Mr. Grambrell was never served with the Order that required the deposition to go forward on September 30th, therefore, his failure to appear was "substantially justified" within the meaning of Rule 37(b)(2)(C). Id. at *11. The court, however, held that Mr. Gambrell's failure to appear was not substantially justified because the Clerk of the Court sent a copy of the order to his attorney via first class mail. Id. at *18-19. In addition, the judge's chambers emailed his attorney to confirm the date of the deposition on September 23, 2016 after she sent an email to chambers regarding an unrelated matter. Id.

Here, the record indicates defendants were ordered to be present for an oral argument on April 22, 2019 to address the motion to withdraw that was filed by their previous attorney.

12

See Am. Letter Order [Doc. No. 29]. Defendants were also informed by the Court that they must retain counsel to represent them because a corporation may not represent itself in federal court. Id. Defendants failed to appear at the scheduled argument. See Order, Apr. 23, 2019 [Doc. No. 33]. The Court granted the motion to withdraw and again ordered defendants to obtain new counsel and have him or her enter their appearance by May 23, 2019. Id. at 3-4. On June 6, 2019, plaintiff filed a letter advising the Court that defendants failed to respond to its written discovery, and that no new counsel had appeared on behalf of either defendant. See Letter [Doc. No. 34]. On June 11, 2019, the Court issued an Order to Show Cause ("OSC") ordering that defendants appear in person at the federal courthouse on July 15, 2019 to show cause why default judgment should not be entered against them, to respond in writing to the OSC by July 8, 2019, and advised them that failure to comply with the order would result in a recommendation that a default be entered against them. See OSC [Doc. No. 35]. Defendants failed to respond in writing by July 8, 2019, failed to appear in person on July 15, 2019, and failed to obtain counsel as ordered.

    Plaintiff alleges it has "incurred attorneys' fees as a result of Defendants' conduct, including fees involved in seeking relief from the Court for Defendants' failure to fulfill their

13

discovery obligations, appearing at multiple hearings to address Defendants' failures, and preparing this motion for a default judgment." Mot. at 9. As a result, plaintiff alleges the Court should enter an order requiring defendants to pay their fees. Id. A review of the record indicates that defendants have failed to comply with several Court Orders and have not provided any excuse or justification for their actions. Like in Gambrell, the Court finds defendants actions were not substantially justified within the meaning of Rules 16 or 37. Defendants were on notice of the requirement for a court ordered appearance at the April 22 and July 15 hearings and failed to appear. Further, defendants were ordered twice to obtain counsel and have them enter their appearance and have not done so. Last, defendants have failed to comply with discovery. Unlike in Campbell, the defendants' actions have hindered this litigation and have resulted in the unnecessary expenditure of judicial resources as well as unnecessary legal fees to the plaintiff. As a result, the Court finds plaintiff is entitled to an award of costs and attorneys' fees equal to the amount spent as a result of defendant's failure to comply with the Court's Orders, failures to fulfill their discovery obligations, and failures to appear.

Conclusion

Accordingly, for the foregoing reasons, it is this 1st day of September 2020, respectfully recommended that a final

judgment of default be entered against defendants and that the draft Order attached hereto be entered. The Court also recommends a permanent injunction be issued against defendants to prevent any further damage to plaintiff. Last, the Court respectfully recommends that defendants be ordered to pay costs and attorneys' fees to plaintiff equal to the amount spent as a result of defendants' failure to comply with the Court's Orders, failures to fulfill their discovery obligations, and failures to appear. If this Report and Recommendation is adopted, plaintiff shall submit a claim for fees and costs within thirty (30) days of the entry of the Court's Order pursuant to L. Civ. R. 54.2. It is recommended defendants be given thirty (30) days to serve any objections. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from the date of this Order in which to file any objections with the Court. A proposed Order for the Court to enter if this Report and Recommendation is granted is attached.

                                               s/ Joel Schneider
                                               JOEL SCHNEIDER
                                               United States Magistrate Judge